1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATE OF AMERICA,              )   Civil No. 11-CV-525-L
                                           )   Criminal No. 10-CR-395-L
12              Plaintiff-Respondent,      )
                                           )   **ORDER DISMISSING WITH**
13   v.                                    )   **PREJUDICE PETITIONER'S**
                                           )   **MOTION UNDER 28 U.S.C. § 2255**
14                                         )   **TO VACATE, SET ASIDE OR**
     RAMIRO RAMIREZ-BARRETO,               )   **CORRECT SENTENCE**
15                                         )
                Defendant-Petitioner.      )
16   _____)

17          On March 16, 2011, Petitioner Ramiro Ramirez-Barreto ("Petitioner") filed a motion

18   pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  Respondent filed a

19   response and opposition, and Petitioner filed a reply.  In his motion, Petitioner contends that his

20   counsel performed ineffectively by failing to object to the Government's breach of the plea

21   agreement.  The Court has fully reviewed the record, the submissions of the parties, and the

22   supporting exhibits and, for the reasons set forth below, **DISMISSES** Petitioner's motion.

23                                     **BACKGROUND**

24          On March 2, 2010, Petitioner entered into a written plea agreement with the

25   Government.[1]  Under the terms of the plea agreement, Petitioner agreed to waive any right to

26   _____

27          [1]  Under the plea agreement, the parties jointly recommended a Base Offense Level of 8 and a 16 level
     increase pursuant to § 2L1.2(b)(1)(A).  (Plea Agreement, ¶4.)  Petitioner's Total Adjusted Offense Level, after a 3
28   level decrease for acceptance of responsibility and a 2 level departure for fast track was 19, with a resulting

1   appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a custodial

2   sentence greater than the high end of the guideline range recommended by the Government

3   pursuant to the plea agreement.  (*See* Plea Agreement ¶ 11.)  During the plea proceedings before

4   Magistrate Judge Jan M. Adler, Petitioner clearly acknowledged that he understood, that by

5   entering the plea agreement, he was waiving his rights to appeal and collateral attack.  Defendant

6   also clearly acknowledged that he understood he faced a maximum penalty of 20 years in prison.

7   (Transcript, Gov't Resp. Ex. B.)  On July 19, 2010, this Court sentenced Petitioner to a term of

8   63 months in custody.  This sentence reflected the Court's adoption of all downward adjustments

9   and departures recommended by the Plea Agreement.

10                                          **ANALYSIS**

11          Petitioner waived both the right to appeal and the right to collaterally attack the judgment

12   and sentence as part of his plea agreement.  Because Petitioner does not challenge the validity of

13   the waiver, the Court finds that the waiver should be enforced.  A knowing and voluntary waiver

14   of a statutory right is enforceable.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir.

15   1990).  The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature,

16   and a defendant may therefore waive the right to file a § 2255 petition.  *See, e.g., United States

17   v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to

18   appeal sentencing issues, defendant relinquished his right to seek collateral relief from his

19   sentence on the ground of newly discovered exculpatory evidence).

20          The scope of a § 2255 waiver may be subject to potential limitations.  For example, a

21   defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements

22   under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was

23   knowingly and voluntarily made.  *Navarro-Botello*, 912 F.2d at 321.  Such a waiver might also

24   be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or

25

26   advisory guideline range of 63-78 months.  The Government recommended that the Court sentence Petitioner to
     63 months custody at the low-end of the guideline range.  In addition to the agreed-upon 5 levels of downward

27   adjustments and departures in the plea agreement, defense counsel sought a 2-level downward departure for
     combination of circumstances and a criminal history departure from criminal history category VI to V.  Defense

28   counsel requested a 46-month sentence.

1  if the sentence imposed violates the law.  *Id.*;  *United States v. Littlefield*, 105 F.3d 527, 528 (9th

2  Cir. 1996).  Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255

3  proceedings involving ineffective assistance of counsel or involuntariness of waiver.  *Abarca*,

4  985 F.2d 1012, 1014;  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992).  In this case,

5  none of these potential limitations on the validity of Petitioner's waiver are applicable.  First, the

6  record indicates that Petitioner knowingly and voluntarily entered into the Plea agreement and

7  that the requirements of Rule 11 were adhered to.  (*See* Transcript, Gov't Resp. Ex. B.)  Second,

8  the sentence imposed by the Court was in accordance with the negotiated plea agreement, and in

9  accordance with the applicable sentencing guidelines.

10        Regarding Petitioner's ineffective assistance of counsel claims, the Sixth Amendment to

11  the Constitution provides that every criminal defendant has the right to effective assistance of

12  counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the

13  test for determining whether a criminal defendant's counsel rendered ineffective assistance.  In

14  order to sustain a claim of ineffective assistance of counsel, the petitioner has the burden of

15  showing both: 1) that his defense counsel's performance was deficient;  and, 2) that this deficient

16  performance prejudiced his defense.  *Id.* at 690-92;  *Hendricks v. Calderon*, 70 F.3d 1032, 1036

17  (9th Cir. 1995).

18        To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show

19  that his counsel's advice was not "within the range of competence demanded of attorneys in

20  criminal cases."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  In considering this issue, there is a

21  "strong presumption that counsel's conduct falls within a wide range of acceptable professional

22  assistance."  *Strickland*, 466 U.S. at 689.  Moreover, *post-hoc* complaints about the strategy or

23  tactics employed by defense counsel are typically found to be insufficient to satisfy the first

24  prong of *Strickland*.  *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991)

25  (appellant's displeasure with strategy employed by trial counsel insufficient to establish

26  ineffectiveness).  To satisfy the second prong, a section 2255 petitioner must show that he was

27  prejudiced by the deficient representation he received.  The focus of the prejudice analysis is on

28  whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's

3

ineffectiveness.  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Here, Petitioner has not identified any aspect of his counsel's performance that could be considered outside the range of competence demanded of attorneys in criminal cases.  The record refutes Petitioner's claim that counsel failed to object to the Government's breach of the plea agreement.  Petitioner claims that he was promised a maximum sentence of two years, and that his counsel was ineffective for failing to object to the 63 month sentence that was actually imposed.  First, Petitioner's claim that he was promised a maximum sentence of two years is completely contradicted by the record.  Petitioner cites to the Order of Detention in support of his argument.  However, Petitioner misunderstands the nature of this document.  It appears that Petitioner believes the Order of Detention is a plea agreement.  It is not.  The plea agreement in this case clearly stated that the maximum sentence Petitioner could receive was 20 years.  (Plea Agreement, ¶ 1.)  Second, the Government did not breach the plea agreement by recommending a sentence that the plea agreement called for.  Moreover, Defense counsel filed a nine page Sentencing Memorandum requesting further downward departures, in addition to those already recommended by the Government.  Counsel at the sentencing hearing raised similar arguments and requested a 48-month sentence.

As stated above, Petitioner signed a plea agreement in which he agreed to waive any right to appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement.  (*See* Plea Agreement ¶ 11.)   In the plea agreement, Petitioner initialed his assent that his plea was knowing and voluntary, and signed acknowledging that he fully understood the agreement's terms.  Therefore, Petitioner's valid waiver of his right to appeal forecloses his claim his counsel's failure to object to the Government's breach of the plea agreement constituted ineffective assistance.

During the plea colloquy before Magistrate Judge Adler, Petitioner specifically stated that he understood the concept of collateral attack, that he knew he had waived it, and that he had no questions about that waiver.  He also stated that he understood that he faced a maximum penalty of 20 years in prison.  Judge Adler confirmed that Petitioner had reviewed and initialed every

page of the plea agreement, indicating that he knew and understand the contents of each page. Petitioner also affirmed under oath that he had reviewed the entire agreement and discussed it with his counsel and that he had signed it on the last page.  Judge Adler asked Petitioner if he had any questions about the plea agreement, Petitioner replied in the negative.  Judge Adler further confirmed that Petitioner's counsel had discussed the plea agreement thoroughly with him, including the provision on waiver of appeal and collateral attack.  Even assuming that Petitioner's counsel did assure him that he would receive a lower sentence under the plea agreement, this would not provide Petitioner with a basis for relief.  *See, e.g., United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994) (defense attorney's failure to accurately inform the defendant of the sentencing range he faced did not entitle him to challenge his guilty plea).  Thus, the Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case.  Therefore, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

### CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter.  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  September 26, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

Ramiro Ramirez-Barreto
Reg. No. 40946-048
FCI-Bennettsville
Inmate Mail/Parcels
P.O. Box 52020
Bennettsville, SC 29512